**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

JOHN WESLEY WILLIAMS,

        Plaintiff,

        v.

PILKERTEN, et.al.,

        Defendants.

        )
        )
        )
        )
        )

Case No.: 1:19-cv-00151-SAB (PC)

ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION

FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS BE DENIED AND PLAINTIFF BE DIRECTED TO PAY THE $400.00 FILING FEE IN FULL

[ECF Nos. 1, 2]

        Plaintiff John Wesley Williams is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

        Currently before the Court is Plaintiff's motion to proceed in forma pauperis, filed February 4, 2019. (ECF No. 2.)

**I.**

**LEGAL STANDARD**

        The Prison Litigation Reform Act of 1995 (PLRA) was enacted "to curb frivolous prisoner complaints and appeals." Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011). Pursuant to the PLRA, the in forma pauperis statue was amended to include section 1915(g), a non-merits related

screening device which precludes prisoners with three or more "strikes" from proceeding in forma pauperis unless they are under imminent danger of serious physical injury. 28 U.S.C. § 1915(g); Andrews v. Cervantes, 493 F.3d 1047, 1050 (9th Cir. 2007). The statute provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

## II.

## DISCUSSION

As a threshold issue before turning to whether the PLRA applies to this case, the Court must examine whether Plaintiff's claim is properly brought in a civil rights action, pursuant to 42 U.S.C. § 1983, rather than in a petition for writ of habeas corpus. In this case, a finding in Plaintiff's favor, i.e., that he was subjected to retaliatory actions, would not necessarily impact the duration of his confinement. Therefore, his claim falls outside of the core of habeas corpus, and is properly brought in a civil rights complaint. See Nettles v. Grounds, 830 F.3d 922, 934-35 (9th Cir. 2016) (en banc).

Turning to the application of the PLRA in this matter, the Court finds that Plaintiff has incurred three or more strikes under section 1915(g) prior to filing this lawsuit. The Court takes judicial notice of the following cases: Williams v. Narramore, No. 2:03-cv-01972-UA-AJW (C.D. Cal. July 17, 2003) (dismissed action for failure to state a cognizable claim for relief); Williams v. Malfi, No. 2:08-cv-01737-WBS-CMK (E.D. Cal. July 29, 2010) (dismissed action for failure to state a cognizable claim for relief); Williams v. Hubbard, No. 2:10-cv-01717-UA-FFM (C.D. Cal. July 6, 2010) (dismissed for failure to state a cognizable claim for relief); and Williams v. Harrington, No. 1:09-cv-01823-GSA (E.D. Cal. May 25, 2012) (dismissed for failure to state a cognizable claim for relief).[1]

---

[1] See Harris v. Mangum, 863 F.3d 1133, 1143 (9th Cir. 2017) ("[W]hen (1) a district court dismissed a complaint on the ground that it fails to state a claim, and (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g)."). The Ninth Circuit reasoned that "[a] prisoner may not avoid incurring strikes simply by declining to take advantage" of the opportunity to amend the complaint. Id.

2

The issue now becomes whether Plaintiff has met the imminent danger exception, which requires Plaintiff to show that he is under (1) imminent danger of (2) serious physical injury and which turns on the conditions he faced at the time he filed his complaint on February 4, 2019. Andrews, 493 F.3d at 1053-1056. Conditions which posed imminent danger to Plaintiff at some earlier time are immaterial, as are any subsequent conditions. Id. at 1053. While the injury is merely procedural rather than a merits-based review of the claims, the allegations of imminent danger must still be plausible. Id. at 1055.

The Court finds that Plaintiff's complaint allegations do not meet the imminent danger exception. Andrews, 493 F.3d at 1053. Plaintiff contends that he is a participant in the mental health services program at the enhanced outpatient level of care because he is a "cutter." Plaintiff receives regular psychotropic medications daily at 8:00 a.m. and 4:00 p.m., as well every four to six hours as necessary. On or about October 11, 2018, Plaintiff gave Defendant Castro a CDCR Form-22 in an attempt to resolve a mail dispute. Defendant Castro destroyed the form while Defendant Mirda watched. When Plaintiff informed Defendants of his intent to file a grievance, he was threatened with issuance of a rules violation which caused Plaintiff anxiety and the urge to hurt or cut himself. Plaintiff received a rules violation report in November 2018, which resulted in a "not guilty" finding. In December 2018, Defendant Fernandez was assigned Plaintiff's grievance regarding Defendants Castro and Mirda, and he refused to investigate the grievance. As a result, on December 20, 2018, Defendants Castro, Mirda and Serna refused to open Plaintiff's cell door for his 4:00 medication and refused to serve him dinner. Defendants also later refused to provide Plaintiff medication which lead to Plaintiff suffering anxiety. Defendant Castro informed Plaintiff that refused to provide his medication and meals because he filed an inmate grievance against him. Plaintiff does leave his cell when Defendant Castro is working in fear of being assaulted.

Plaintiff's complaint filed over a month after the last incident, does not set forth sufficient factual allegations to demonstrate a present threat of serious physical injury. In fact, the alleged events took place while Plaintiff was housed at California State Prison, Corcoran where all Defendants are employed, and as of the date of filing Plaintiff is housed at R.J. Donovan Correctional Facility in San Diego, California. Accordingly, the Court does not find that Plaintiff was under imminent danger of serious physical injury at the time he filed the instant action. Consequently, Plaintiff is ineligible to

3

proceed in forma pauperis in this action, and he should be required to pre-pay the $400 filing fee to proceed in this case.

**IV.**

**CONCLUSION AND RECOMMENDATIONS**

Accordingly, IT IS HEREBY ORDERED that a Fresno District Judge be randomly assigned to this action.

Further, it is HEREBY RECOMMENDED that:

1.    Plaintiff's application to proceed in forma pauperis (ECF No. 14) be denied; and

2.    Plaintiff be required to pay the $400.00 filing fee within thirty (30) days of service of the Court's order adopting these Findings and Recommendations.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **twenty-one (21) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 7, 2019**

_____
UNITED STATES MAGISTRATE JUDGE

4