UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WESLEY WILLIAMS,<br><br>  Plaintiff,<br><br>  v.<br><br>PILKERTEN, *et al.*,<br><br>  Defendants. | No. 1:19-cv-00151-DAD-SAB (PC)<br><br>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS AND DENYING DEFENDANTS' MOTION TO DISMISS<br><br>(Doc. Nos. 26, 38) |

Plaintiff John Wesley Williams is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 13, 2020, the assigned magistrate judge issued findings and recommendations, recommending that defendants' motion to dismiss be (1) granted in part as to plaintiff's December 2018 claims and (2) denied in all other respects. (Doc. No. 38.) The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within twenty-one (21) days. (*Id.* at 12.) On May 27, 2020, plaintiff filed timely objections. (Doc. No. 39.) On June 3, 2020, defendants filed timely objections and a response to plaintiff's objections. (Doc. Nos. 40, 41.) Plaintiff in turn filed his own response to defendants' objections on June 15, 2020. (Doc. No. 42.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including the parties' objections, the court will adopt in part the findings and recommendations. Specifically, instead of granting in part defendants' motion to dismiss as to plaintiff's December 2018 claims, the undersigned will deny the motion to dismiss in its entirety.

In the findings and recommendations, the magistrate judge recommended dismissal of plaintiff's December 2018 claims due to plaintiff's failure to exhaust his administrative remedies prior to filing suit, concluding that plaintiff (1) had not made an adequate showing of a fear of retaliation so as to justify excusal of the PLRA's exhaustion requirements and (2) had based his complaint, in part, on events that occurred *after* he had originally filed his complaint. (Doc. No. 38 at 7–8.) The undersigned disagrees with that conclusion for the following reasons.

First, the magistrate judge found that plaintiff had failed to demonstrate "that any feared retaliation excused him from exhausting" available administrative remedies. (Doc. No. 38 at 8.) Under the fear of retaliation test, the plaintiff must show that "(1) he actually believed prison officials would retaliate against him if he filed a grievance; and (2) a reasonable prisoner of ordinary firmness would have believed that the prison official's action communicated a threat not to use the prison's grievance procedure and that the threatened retaliation was of sufficient severity to deter a reasonable prisoner from filing a grievance." *Rodriguez v. Cty. of Los Angeles*, 891 F.3d 776, 792 (9th Cir. 2018). The first prong of this test is subjective, and the second, objective. *See McBride v. Lopez*, 807 F.3d 982, 987–88 (9th Cir. 2015).

Here, the magistrate judge found that plaintiff's "claim that he feared retaliation is belied by the record" because plaintiff admitted "that [he] did not and would not drop the inmate grievance" in response to threats of retaliation from defendant Castro on December 20, 2018 and that it therefore "is clear [that p]laintiff was not deterred by the alleged threats."[1] (Doc. No. 38 at 8.) But to adopt this logic would suggest that a prisoner of *above average* firmament would be

---

[1] The magistrate judge's analysis appears to conflate two distinct incidents involving different defendants that allegedly occurred on separate dates – December 20 and 21, 2018. The undersigned addresses the distinction between these two incidents further below.

*required* to endure retaliation in order to satisfy the PLRA's exhaustion requirement, even if the prisoner could show that "a reasonable prisoner of ordinary firmness" would have believed the threats of retaliation and that "the threatened retaliation was of sufficient severity to deter a reasonable prisoner from filing a grievance." *Rodriguez*, 891 F.3d at 792; *see also Ross v. Blake*, __ U.S. __, __, 136 S. Ct. 1850, 1859 (2016) (analyzing the availability of administrative remedies in the context of "reasonable" and "ordinary" prisoners).  This cannot be the case. *See McBride*, 807 F.3d at 987 ("[W]e must discourage prisons from actions that might deter prisoners from using grievance procedures.  We therefore allow prison inmates to bring these claims in federal court when prison officials have rendered the grievance process effectively unavailable.  This provides an important incentive for the prison: to allow prisoners to file grievances freely, and without fear of retaliation."); *Blake*, 136 S. Ct. at 1859 (holding that administrative remedies may be unavailable "when officers [are] unable or consistently unwilling to provide any relief to aggrieved inmates" or "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation").  Indeed, the Ninth Circuit has repeatedly held that the fact "that the retaliatory conduct did not chill the plaintiff from suing the alleged retaliator does not defeat the retaliation claim." *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012); *see also Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005) ("[W]e have *never* required a litigant, *per impossibile*, to demonstrate a *total* chilling of his First Amendment rights to file grievances and to pursue civil rights litigation in order to perfect a retaliation claim.  Speech can be chilled even when not completely silenced.").

The court must therefore turn to plaintiff's allegations to determine whether his fear of retaliation was warranted.  Plaintiff claims that, on December 20, 2018, defendant Castro threatened to contrive a reason to pepper spray him if he did not retract his inmate grievance against defendants Castro and Mirda.  (Doc. No. 1 at 7.)  He also notes that defendant Castro had already retaliated against him by depriving him of meals and medication.  (Doc. Nos. 1 at 6; 39 at 3.)  Finally, plaintiff claims that his fear of retaliation was exacerbated by Castro's previous acts of verbal abuse and physical violence against prisoners who, like plaintiff, are participants in the Enhanced Outpatient program of the CDCR's Mental Health Services Delivery System.  (Doc.

No. 1 at 7.) Plaintiff alleges that defendant Fernandez, who was assigned to investigate the grievance against Castro and Mirda, disregarded the previous factfinder's conclusion that defendant Castro had filed an unwarranted RVR and failed to take proper remedial action against Castro and Mirda, effectively allowing them to continue their retaliatory misconduct against plaintiff. (*Id.* at 5–6.) Reviewing plaintiff's allegations as to the December 20, 2018 incident *de novo*, the court concludes that he adequately alleges a fear of retaliation, warranting application of an exception to the PLRA's exhaustion requirement.

Second, plaintiff did not advance allegations about any misconduct that occurred after December 21, 2018, the date on which plaintiff signed and filed his complaint. Rather, plaintiff alleges in his complaint that he was aware that defendant Castro was not scheduled to work between December 21–22, 2018 and that he availed himself of Castro's absence on December 21 to report his suicidal tendencies and grievances to Dr. D, a prison psychologist. (Doc. No. 1 at 8.) To the extent that the magistrate judge recommended dismissal because plaintiff purportedly alleges claims of misconduct that occurred after December 21, 2018, the court declines to adopt that recommendation.

Third, the December 20, 2018 incident alleged by plaintiff was a separate and distinct incident from that alleged to have taken place on December 21, 2018. Therefore, the latter incident must be analyzed independently to determine whether plaintiff's failure to exhaust his administrative remedies prior to filing suit should be excused due to a reasonable fear of retaliation. In the alleged December 21, 2018 incident, defendant Hicks allegedly intervened in plaintiff's meeting with Dr. D to assure Dr. D that he would deliver plaintiff's CDCR Form-22, which contained grievances against defendants Fernandez, Castro, and Mirda, to defendant Pilkerten. (Doc. No. 1 at 8.) After plaintiff was returned to his cell, defendant Hicks allegedly threatened plaintiff with physical violence and false disciplinary charges if plaintiff did not "stop with [the] complaints" and tore up the CDCR Form-22 that he had accepted from plaintiff. (*Id.* at 9.) Based on these allegations, the court concludes that plaintiff has adequately alleged a fear of retaliation as to the December 21, 2018 incident and that application of an exception to the PLRA's exhaustion requirement is therefore justified in this case.

Accordingly:

1. The findings and recommendations issued on May 13, 2020 (Doc. No. 38) are adopted in part;
2. Defendants' motion to dismiss (Doc. No. 26) is denied in its entirety;
3. Within fourteen (14) days from the date of service of this order, Defendants shall file a further responsive pleading to the complaint, *see* Fed. R. Civ. P. 12(a)(4)(A); and
4. This action is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: __**July 13, 2020**__                    _Dale A. Drozd_
                                                                UNITED STATES DISTRICT JUDGE